IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

VICTOR MONTILLA,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV212-096

C. HICKS; L. D. SPELL; and
UNITED STATES OF AMERICA,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The United States of America filed a Motion for Extension of Time in Which to File a Responsive Pleading. The undersigned granted that Motion by Order dated October 1, 2012. (Doc. No. 22). The undersigned wishes to clarify, however, that the United States of America was not docketed as a named Defendant in this case at the time the undersigned conducted the frivolity review in this case. While the undersigned recognized that Plaintiff brought his cause of action pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the undersigned did not sanction service of Plaintiff's Complaint on the United States of America pursuant to the FTCA. Rather, the undersigned sanctioned service of Plaintiff's Complaint upon Defendant L. D. Spell, the Attorney General of the United States, and the United States Attorney for the Southern District of Georgia pursuant to Bivens based on Plaintiff's allegations of constitutional

tort claims. (Doc. No. 9, p. 3). The Honorable Lisa Godbey Wood also sanctioned service upon Defendant Hicks on the same basis. (Doc. No. 19). At some point, the United States of America was added to the docket as a named Defendant.

Given the constitutional nature of the allegations contained in Plaintiff's Complaint, any claims he wishes to pursue against the United States of America should be dismissed. FDIC v. Meyer, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); see also, Denson v. United States, 574 F.3d 1318, 1330 n.28 (11th Cir. 2009) ("[T]he FTCA does not provide jurisdiction for redress of constitutional torts."). Should Plaintiff wish to pursue a tort claim against the United States of America, he may do so by filing a separate cause of action pursuant to the Federal Tort Claims Act.

SO REPORTED and RECOMMENDED, this 2nd day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE