FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JAN 25 P 12:49
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

VICTOR MONTILLA,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV212-096

C. HICKS and L. D. SPELL

    Defendants.

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Plaintiff, who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Defendants filed a Motion to Dismiss, or, in the alternative, a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him of Defendants' pending Motion for Summary Judgment and that his failure to respond by November 4, 2012, could result in the entry of summary judgment in favor of Defendants. Plaintiff did not respond. The undersigned issued a Report dated November 16, 2012, and addressed Defendants' Motion for Summary Judgment and considered the documentation Defendants submitted. The undersigned recommended that Defendants' Unopposed Motion for Summary Judgment be granted in light of the evidence before the Court. (Doc. No. 31). On the same date the undersigned entered his Report, Plaintiff mailed an untimely Motion for Extension of Time to File a Response

to Defendants' Motion. This untimely Motion was filed upon the docket of this case on November 19, 2012. (Doc. No. 33). The undersigned granted Plaintiff's Motion, and Plaintiff was given until December 19, 2012, to file any desired response to Defendants' Motion for Summary Judgment. (Doc. No. 34). Plaintiff filed a Response to Defendants' Motion, and Defendants filed a Reply.[1] For the reasons which follow, Defendants' Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Spell was "shaking down" the recreation shack when Plaintiff approached. Plaintiff contends that Defendant Spell ordered him to "strip down" where he stood while he was exposed to the general compound. (Doc. No. 1, p. 13). Plaintiff asserts that he complied with Defendant Spell's order, and Defendant Spell noticed Plaintiff had a cell phone between his legs. Plaintiff alleges that Defendant Spell reached down with his bare hands and grabbed the cell phone while "rubbing the back of his hand on Plaintiff's genitals." (Id.). Plaintiff contends that he continues to suffer and relive the humiliation from this assault and constant "seesaw" depression after this assault. (Id. at p. 14). Plaintiff asserts that Defendant Spell's actions violated Bureau of Prisons' policy and his right to privacy. Plaintiff asserts that he immediately informed Lieutenant Hicks of Defendant Spell's alleged sexual assault. Plaintiff contends that Lieutenant Hicks failed to conduct an investigation or make any other response, other than to advise Plaintiff to file an administrative grievance.

---

[1] Plaintiff's Response to Defendants' Motion consists of a Memorandum in Support of his Opposition to Defendants' Motion. (Doc. No. 35-1). Plaintiff failed to submit any evidence to support his position that Defendants are not entitled to summary judgment. Plaintiff was aware that Defendants' Motion was addressed as one for summary judgment and that his opposition must be based on more than mere denials of Defendants' entitlement to summary judgment. (Doc. Nos. 9, 27, 29, 31).

AO 72A
(Rev. 8/82)

Defendants assert that they are protected by qualified immunity. Defendants also assert that Plaintiff fails to establish a viable constitutional claim against them. Defendants further assert that Plaintiff's claims against them are barred under Heck v. Humphrey, 512 U.S. 477 (1994).

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to

prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Eighth Amendment Claim**

The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, this minimum standard does not impose constitutional liability on prison officials for every injury suffered by an inmate. Id. First, the alleged injury or deprivation must be sufficiently serious. The official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Id. at 834. Second, because the Eighth Amendment prohibits only cruel and unusual punishment, the prison official must have a sufficiently culpable state of mind to violate the constitutional standard. Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010). The standard of culpability necessary to an Eighth Amendment violation is one of deliberate indifference. Id. (citing Wilson v. Seiter, 501 U.S. 294, 303 (1991)). A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. Id. at 1306-07.

AO 72A
(Rev. 8/82)

In support of their Motion, each Defendant submitted an affidavit. Defendant Spell states in his affidavit that he was checking the recreation shed on the night in question because inmates have been known to hide contraband items in the shed. (Doc. No. 27-3, p. 1). Defendant Spell also states that he noticed Plaintiff standing in "an odd way", and he directed Plaintiff to strip. (Id.). Defendant Spell declares that, after Plaintiff did as directed, he (Defendant Spell) was able to shine his flashlight on Plaintiff and noticed he had a cell phone between his legs. Defendant Spell states that he told Plaintiff he saw the cell phone, and Plaintiff handed the cell phone to Defendant Spell. According to Defendant Spell, he never touched Plaintiff, as another officer later placed handcuffs on Plaintiff. (Id. at p. 2).

Defendant Hicks declares in his affidavit that Plaintiff did not tell him of his sexual assault allegation against Defendant Spell. Defendant Hicks also declares that he became aware of Plaintiff's allegation against Defendant Spell only after Plaintiff made the allegation during his disciplinary hearing, which occurred in Defendant Hicks' office. Defendant Hicks states that the disciplinary hearing officer reported Plaintiff's allegation to the Associate Warden of Programs. (Doc. No. 27-7, p. 1).

The uncontroverted evidence before the Court is that Plaintiff had a cell phone between his legs, Defendant Spell saw the cell phone between Plaintiff's legs, and Plaintiff gave Defendant Spell the cell phone. There is no evidence—only Plaintiff's allegation—that Defendant Spell touched Plaintiff in any manner at any time. In addition, the uncontroverted evidence reveals that Defendant Hicks was not made aware of Plaintiff's allegations against Defendant Spell. However, once Plaintiff informed another official of his allegations, the official reported Plaintiff's allegations.

5

There is no evidence which creates a genuine dispute as to any fact material to Plaintiff's Eighth Amendment claim. Defendants are entitled to judgment as a matter of law. This portion of Defendants' Motion should be granted.

II.  **Right to Privacy**

A prisoner has a constitutional right to bodily privacy "because most people have a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating." Fortner v. Thomas, 983 F.2d 1024, 1030 (11th Cir. 1993) (internal citation omitted). The decision on whether a prisoner's constitutional right to bodily privacy has been violated must be made on a case-by-case basis. Id. "Relevant factors include the scope of the intrusion, the manner in which it was conducted, the place in which it was conducted, and the justification for initiating it." Irvin v. Smith, No. CV604-024, 2005 WL 1863279, at *8 (S.D. Ga. May 24, 2005) (citing Bell v. Wolfish, 441 U.S. 520, 559 (1979)).

There is no evidence before the Court which creates a genuine dispute as to any fact material to Plaintiff's right to bodily privacy claim. In fact, the only evidence before the Court on this matter is Defendant Spell's affidavit. Defendant Spell states in his affidavit that it was 11:30 p.m. and was dark outside when he was checking the recreation shed to see if there were any contraband items in the area. Defendant Spell also states that he had to use a flashlight to see the cell phone Plaintiff had between his legs after he directed Plaintiff to strip. (Doc. No. 27-3, p. 1). Plaintiff asserts that he was strip searched in the compound in front of five (5) other inmates. (Doc. No. 35-1, p. 5). There is, however, no evidence that other inmates or officials were near the recreation yard when Defendant Spell directed Plaintiff to strip. There also is no

AO 72A
(Rev. 8/82)

evidence that there was any light in the recreation yard, other than Defendant Spell's flashlight. By Defendant Spell's own declaration, he knew the recreation shed to be a place where inmates would hide contraband items, including cell phones. Because of this knowledge, coupled with Plaintiff standing in an odd manner, Defendant Spell directed Plaintiff to strip—likely in an effort to secure the safety of prison officials and the inmates and to see if Plaintiff was in possession of any contraband. As a matter of law, Defendants are entitled to judgment in their favor on Plaintiff's right to privacy claim. This portion of Defendants' Motion should be granted.

It is unnecessary to address the remaining portions of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of January, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)